**RECORD NO. 14-4605**

# In The
# United States Court Of Appeals
# For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**CESAR MENDEZ-RAMIREZ,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO**

———————

**BRIEF OF APPELLANT**

———————

**James E. Quander, Jr.**
**ATTORNEY AT LAW**
**301 North Main Street**
**Suite 2020**
**Winston-Salem, NC  27101**
**(336) 725-6600**

*Counsel for Appellant*

GibsonMoore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA  23219
804-249-7770 ♦ www.gibsonmoore.net

## TABLE OF CONTENTS

**PAGE**

Table of Authorities ................................................................................ ii

Jurisdictional Statement ..........................................................................1

Statement of the Issues ............................................................................2

Statement of the Case ..............................................................................3

    Statement of Facts ........................................................................3

Summary of Argument ............................................................................7

Argument .................................................................................................8

    I.    After a thorough and extensive search of the record, Counsel for the Appellant has concluded that there are no meritorious grounds to be raised on her behalf in this appeal ...................................................................................8

    II.   In the alternative, Counsel submits to this Court that the sentence imposed of 18 months, which falls within the advisory guidelines, should be reviewed for reasonableness in light of the Appellant's request for a guideline variance. .......................................................................8

        Standard of Review ................................................................8

        Discussion ...............................................................................8

Conclusion ............................................................................................ 11

Statement Regarding Oral Argument .................................................... 12

Certificate of Compliance

Certificate of Service

## TABLE OF AUTHORITIES

PAGE(S)

<u>CASE AUTHORITY</u>

*Anders v. California*,
    386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) ................... 7, 8

*Gall v. United States*,
    552 U.S. 38, 128 S. Ct. 586 (2007) ......................................................9

*McCoy v. Wisconsin*,
    486 U.S. 429, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988) .....................7

*Penson v. Ohio*,
    488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988) ........................7

*United States v. Booker,*
    543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) ......................8

*United States v. Moreland,*
    437 F.3d 424 (4th Cir.), *cert. denied,*
    547 U.S. 1142, 126 S. Ct 2054, 164 L. Ed. 2d 804 (2006) ................ 10

<u>UNITED STATES CODE</u>

8 U.S.C. § 1326(a) ................................................................................ 1, 3

8 U.S.C. § 1326(b)(1) ...............................................................................3

8 U.S.C. § 1326(b)(2) ...............................................................................1

18 U.S.C. § 3553 .......................................................................................9

18 U.S.C. § 3553(a) ..................................................................................9

18 U.S.C. § 3742(a) ..................................................................................1

21 U.S.C. § 3553 ................................................................................................5

28 U.S.C. § 1291 ................................................................................................1

RULE

Fed. R. App. P. 4(b) ...........................................................................................1

SENTENCING GUIDELINE

USSG § 2L1.2(b)(1)(D) .....................................................................................5

# JURISDICTIONAL STATEMENT

1. <u>Basis for Subject Matter Jurisdiction in the District Court</u>

This appeal is from the plea and sentence of the Appellant in the United States District Court of the Middle District of North Carolina before the Honorable Catherine C. Eagles. The district court's jurisdiction was pursuant to 8 U.S.C. §§ 1326(a) and (b)(2).

<u>Basis for Jurisdiction in the Court of Appeals</u>

This Honorable Court has jurisdiction over appeals from final judgments of the district court under Title 28 U.S.C. § 1291, 18 U.S.C. § 3742(a) and Fed. R. App. P. 4(b).

2. <u>The Sentence is Appealable</u>

The Appellant pled guilty to the offense of illegal reentry by an aggravated felon, in violation of 8 U.S.C. §§ 1326 (a) and (b)(2). Judgment was entered on July 21, 2014. The Appellant filed notice of appeal on August 4, 2014. This appeal is from a final order.

## STATEMENT OF THE ISSUES

After an extensive record of the entire record in this case, Counsel for the Appellant has concluded that there are no meritorious grounds to be raised on his behalf. This Court must review the entire record in this case to determine whether there are any meritorious issues that Counsel has overlooked.

In the alternative, Counsel submits to this Court that the sentence imposed of 18 months, which falls within the advisory guidelines, should be reviewed for reasonableness.

## STATEMENT OF THE CASE

The Appellant, Cesar Mendez-Ramirez, was indicted on February 24, 2014, and charged with illegal reentry by an alien previously convicted of three or more misdemeanors involving drugs, crimes against the person, or both, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). (PSR, ¶ 4). The Appellant pled guilty to the offense pursuant to a Plea Agreement on April 10, 2014. (PSR, ¶¶ 2).

On July 1, 2014, the district court sentenced the Appellant to a term of imprisonment of 18 months. Additionally, the Appellant received a 3-year term of supervised release.

Judgment was entered on July 21, 2014. The Appellant filed notice of appeal on August 4, 2014.

### *Statement of the Facts*

On January 7, 2014, the Appellant was found in the Forsyth County Detention Center and was interviewed, fingerprinted, and photographed by agents from Immigration and Custom Enforcement (ICE). (PSR, ¶ 4-5). After a review of the Appellant's immigration file, it was determined that the Appellant was previously determined to be unlawfully present in the United States on January 9, 2009. (PSR, ¶ 6). On February 24, 2009, the Appellant

3

was ordered removed from the United States to Mexico. On March 19, 2009, the Appellant was removed at Brownsville, Texas. (PSR, ¶ 6).

Again, on November 27, 2009, ICE agents located the Appellant in custody at the Forsyth County Detention Center. (PSR, ¶ 7). During the November 27, 2009 encounter, ICE agents determined that the Appellant was unlawfully in the United States. (PSR, ¶ 7). After being ordered removed on December 2, 2009, the Appellant was removed from the United States to Mexico on March 2, 2010. (PSR, ¶ 7).

On March 12, 2010, the Appellant was encountered by Van Horn, Texas Border Patrol Agents. (PSR, ¶ 8). On August 10, 2010, the Appellant was convicted of Illegal Reentry of Departed Alien in the United States District Court for the Western District of Texas. (PSR, ¶ 29). On December 9, 2010, a Warrant of Removal/Deportation was executed and the Appellant was removed from the United States to Mexico. (PSR, ¶ 8).

The Appellant was indicted February 24, 2014, and charged with being an alien previously removed, subsequent to obtaining three or more misdemeanors involving drugs, crimes against the person, or both, being found in the United States. (PSR, ¶ 1). The Appellant pled guilty pursuant to a Plea Agreement on April 10, 2014. (PSR, ¶ 2).

4

Following the Appellant's guilty plea, the Probation Office prepared a Pre-Sentence Report ("PSR"). The Appellant was calculated to have a total of 8 criminal history points, resulting in a criminal history category of IV. (PSR, ¶ 32). While the base offense level for the offense of illegal reentry is 8, the Appellant's base offense level was adjusted upwards 4 levels because he had previously been deported after having been convicted of a felony[1]. (PSR, ¶ 14). The Appellant was given a 2-level reduction for acceptance of responsibility, thus resulting in an adjusted offense level of 10. (PSR, ¶¶ 20-21). The Appellant's advisory guidelines range was properly calculated to be 15 to 21 months imprisonment. PSR, p. 17).

Neither the Appellant nor the Government objected to the advisory guidelines range calculated in the PSR. At the Appellant's sentencing hearing, the district court considered the PSR as well as arguments of counsel. The district court declined to vary the Appellant's sentence downward on the basis of 21 U.S.C. § 3553 factors set forth by counsel and sentenced the Appellant within the middle-end of the advisory guidelines

---

[1] Although the Appellant was indicted for illegal reentry after previous removal for three or more misdemeanors involving drugs, crimes against the person, or both, the Appellant does not have the predicate qualifying misdemeanor convictions. However, based on his prior conviction for illegal reentry of a deported alien, he is subject to the 4-level enhancement pursuant to USSG § 2L1.2(b)(1)(D).

5

range to a term of imprisonment of 18 months. Additionally, the Appellant received a 3-year term of supervised release.

Judgment was entered on July 21, 2014. The Appellant filed notice of appeal on August 4, 2014.

## SUMMARY OF ARGUMENT

This brief is submitted to the Court pursuant to the decision in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988) and *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988).

Counsel for the Appellant has determined, after a conscientious examination of the whole record of the Appellant's case, that there are no meritorious grounds for appeal. In the alternative, Counsel submits to this Court that the sentence imposed of 18 months, which falls within the advisory guideline range, should be reviewed for reasonableness.

# ARGUMENT

I.     After a thorough and extensive search of the record, Counsel for the Appellant has concluded that there are no meritorious grounds to be raised on his behalf in this appeal.

II.     In the alternative, Counsel submits to this Court that the sentence imposed of 18 months, which falls within the advisory guidelines, should be reviewed for reasonableness in light of the Appellant's request for a guideline variance.

### *Standard of Review*

The standard of review of an *Anders* submission is *de novo* of the entire record and all pertinent documents. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

### *Discussion*

After a thorough and extensive search of the record, Counsel for the Appellant has concluded that there are no meritorious grounds to be raised on his behalf in this appeal. Counsel for the Appellant submits as the only theoretical issue for appeal whether the sentence imposed by the district court was reasonable.

This Court is to review the sentence imposed by the district court for reasonableness. *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). When fashioning a sentence, the district court must first calculate the correct advisory guidelines range, and then consider the

8

advisory guidelines range in conjunction with the factors outlines in 18 U.S.C. § 3553(a) and other appropriate grounds for a departure of variance. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586 (2007). While the guidelines are no longer presumptively reasonable, they are the appropriate starting point for consideration. *Gall* at 596-597.

In this case, the Appellant's sentence of 18 months was within the properly calculated guidelines range. The district court considered the arguments of Appellant's counsel with respect to a downward variance based upon relevant factors set forth in 18 U.S.C. § 3553, including the Appellant's motivation to support his family in the United States and his elderly parents in Mexico, the Appellant's substantial work history. The district court went on to cite several factors when explaining its decision not to depart downwardly; specifically, the Appellant's criminal history.

The district court must adequately explain its sentence to allow the appellate courts to engage in a meaningful review. *Gall* at 596-597. While the district court did not expressly acknowledge that the 3553 factors set forth by counsel were a proper ground for departure, its explanation of the sentence imposed was adequate and satisfied the procedural requirement that a sentencing court not <u>expressly</u> reject a policy articulated by Congress or the Sentencing Commission or consider an improper basis when imposing a

9

sentence.  *See United States v. Moreland,* 437 F.3d 424, 434 (4th Cir.), *cert. denied,* 547 U.S. 1142, 126 S. Ct 2054, 164 L. Ed. 2d 804 (2006).

For the above reasons, it does not appear that the district court committed any error in imposing a 18 month term of imprisonment.

## CONCLUSION

For the foregoing reasons, the Appellant, Cesar Mendez-Ramirez, respectfully requests that this Court examine the record in its entirety and grant relief to him as appears warranted.

Respectfully submitted this the 1st day of December, 2014.

/s/ James E. Quander
James E. Quander
Attorney for Appellant Cesar Mendez-Ramirez
N.C. State Bar Number 25472
301 N. Main Street, Suite 2020
Winston-Salem, NC  27101
(336) 725-6600

## POSITION REGARDING ORAL ARGUMENT

Counsel for the Appellant does not request that the Court consider granting an oral argument in this matter.

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

**Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed.R.App. 32(a)(7)(B) because:

   this brief contains <u>1,491</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P.32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)6) because:

   this brief has been prepared in a mono space typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

Dated: December 1, 2014.

                                     /s/ James E. Quander
                                     James E. Quander
                                     Counsel for Appellant Cesar Mendez-Ramirez

# CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2014, I electronically filed the foregoing Brief of Appellant and with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following registered CM/ECF User:

>Angela Hewitt-Miller
>Assistant United States Attorney
>Office of the United States Attorney
>101 South Edgeworth Street, 4th Floor
>Greensboro, NC  27401

I further certify that on this date I mailed a copy of the Brief of Appellant, by depositing a copy of the same in the United States Mail, first-class mail, postage prepaid, and addressed to the Appellant as follows:

>Cesar Mendez-Ramirez
>Register # 56484-280
>FCI Butner Medium II
>Federal Correctional Institution
>P.O. Box 1500
>Butner, NC 27509

This the 1st day of December, 2014.

>/s/ James E. Quander
>James E. Quander
>Attorney for Appellant Cesar Mendez-Ramirez
>N.C. Bar Number 25472
>301 N. Main Street, Suite 2020
>Winston-Salem, NC  27101
>(336) 725-6600